IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DANNY E. BEAUCLAIR,

                    Plaintiff,

          v.                              CASE NO.  14-3023-SAC

CAROL GREEN,
Clerk, Kansas Appellate
Courts, et al.,

                    Defendants.


**MEMORANDUM AND ORDER**

     This pro se civil rights complaint was filed pursuant to 42
U.S.C. § 1983 by a state prison inmate.[1]  Mr. Beauclair claims
that defendants who are court clerks deliberately "delay(ed)
mailing out a Court Order" in violation of state law and thereby
caused the untimeliness of his attempted appeal.   The court
finds that this action is subject to dismissal for failure to
state a federal constitutional claim.


**PLAINTIFF'S LITIGATION HISTORY**

---

[1]   Plaintiff's original complaint (Doc. 1) was not upon forms and has been
completely superseded by his Amended Complaint (Doc. 6).   The court has
considered the Amended Complaint only, which consists mainly of attached
copies of pages from the original complaint and "Declaration" of plaintiff.

The court takes judicial notice of the appellate court docket in *State v. Beauclair* (Kan.App. Case No. 91999)[2] that is referred to by plaintiff herein (Shawnee Co. D.Ct. Case No. 99CR4640), and other cases filed by Mr. Beauclair for which written opinions are available.  In 2001, Danny Beauclair pled no contest to one count of rape and one count of aggravated criminal sodomy, each of a child under 14 years of age, in exchange for the state dismissing a second count of rape.  See *State v. Beauclair*, 130 P.3d 40, 41-42 (Kan. 2006).  He was sentenced in 2002, to "concurrent minimum terms of 184 months for the rape charge and 136 months for the aggravated sodomy charge."  *Id.* at 43.  In 2003, Mr. Beauclair filed a Motion to Withdraw Plea.  The trial court denied the motion, and Beauclair timely appealed.  The Kansas Court of Appeals (KCA) reversed in *State v. Beauclair*, 116 P.3d 55 (July 29, 2005).  However, the State appealed, and the Kansas Supreme Court (KSC) reversed the KCA and affirmed the trial court's denial of Beauclair's motion to withdraw.  *State v. Beauclair*, 130 P.3d at 40.  The KSC then remanded in Case No. 91999 for consideration of "claims not considered" in the KCA's prior opinion.  The KCA considered Beauclair's claims and this time affirmed the lower court's denial of relief.  *State v. Beauclair*, 146 P.3d 709, 2006 WL

---

[2]     This docket is available on the website of the Clerk of the Kansas Appellate Courts.

3409225 (Kan.App. Nov. 22, 2006). In these proceedings generally referred to as Mr. Beauclair's direct appeal, the KSC denied his Petition for Review on March 29, 2007. *Id.* Mr. Beauclair also challenged his sentence by way of state post-conviction motions. In 2007, he filed a motion to correct illegal sentence and another motion to withdraw his plea. Both were summarily denied by the trial court. See *State v. Beauclair*, 223 P.3d 837 (Kan.App. Feb. 12, 2010). He timely appealed, the KCA affirmed, and the KSC denied his Petition for Review in June 2010 (App.Case No. 100161). *Id.* In 2007 and 2010, Mr. Beauclair also filed unsuccessful habeas petitions in federal court challenging his state convictions. See e.g., *Beauclair v. Goddard*, 2012 WL 763103 (D.Kan. Mar. 6, 2012), *COA denied*, 530 Fed.Appx. 781 (10th Cir. Mar. 13, 2013).

With respect to civil actions in federal court, Mr. Beauclair has been designated a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). His third strike was assessed in November 2013. *Beauclair v. Dowd*, Case No. 13-3169-RDR (D.Kan. Nov. 22, 2013), *aff'd*, App.Case No. 14-3036 (October 23, 2014). After being notified that he had accumulated his third strike, Mr. Beauclair proceeded to file six new civil actions in this court. When the Tenth Circuit affirmed the judgment of the district court in *Beauclair v. Dowd* it imposed an additional strike upon Mr. Beauclair "for his wholly meritless claim in

district court and his frivolous appeal." Mr. Beauclair currently has seven civil cases pending in this court alone. In addition, five civil cases previously filed by him in this court have been dismissed.

## ALLEGATIONS AND CLAIMS

In this lawsuit, plaintiff names as defendants Carol Green, Clerk, and Jason Oldham, Chief Deputy Clerk, of the Kansas Courts of Appeal. As the factual background for this complaint, Mr. Beauclair alleges the following. On November 5, 2013, he filed a "Motion to Recall Mandate" in Case No. 91999. Therein, he claimed that "the Kansas Court of Appeals made a 'void judgment' with its ruling (sic) filed on 7-29-2005 and on 11-22-2006"[3] because that Court's rulings were inconsistent with due process under the 14th Amendment and with K.S.A. 22-3210."[4]

On December 12, 2013, the KCA denied plaintiff's motion to recall mandate. Plaintiff had 14 days from this decision to

---

[3] These rulings are not both decisions of the KCA as plaintiff's suggests. The later decision was that of the KSC denying Beauclair's final Petition for Review on direct appeal.

[4] In his attached "Declaration", plaintiff describes the grounds raised in his Motion to Recall Mandate as: there was no factual basis for his plea, he was not informed of direct consequences of his plea including the "correct range of . . . incarceration" or consequences of post-release supervision, and he was not informed of his "maximum possible penalties with bifurcated sentencing." He describes his "Motion for Rehearing or Modification" as claiming that the "judgment was void" because he "did not get a full and fair plea hearing" and there was "plain error" in his criminal case. Thus, the grounds in plaintiff's motions were clearly challenges to his 2002 state conviction or sentence.

file a "motion per Rule 7.05."  On December 26, 2013, defendant Green and/or Oldham mailed a copy of the decision to Beauclair. Defendants' failure to mail the decision on the date of filing violated Rule 7.03.  Defendants deliberately delayed mailing the decision for 14 days, making it impossible for plaintiff to file a timely Rule 7.05 motion.  Defendants did not have discretion to delay mailing the decision "to keep plaintiff from filing his motion to reconsider."

Plaintiff received the decision on December 31, 2013.  On January 3, 2014, he mailed a "Motion for Rehearing or Modification" to the KCA.  His current mailing address was on that motion.  On January 15, 2014, he received an envelope from the Clerk's office post-marked December 26, 2013.  Inside was a letter from Oldham dated January 10, 2014, stating that he had received Beauclair's motion for rehearing, but it could not be filed and was returned because it must have been filed no later than December 26, 2013, per Rule 7.05.

On January 16, 2014, plaintiff mailed a "Motion to File out of Time due to Manifest Injustice"[5] and another "Motion for Rehearing or Modification" to the KCA for filing in Case No.

---

[5]    The right to appeal a decision of the Kansas appellate courts is purely statutory and is neither a vested nor a constitutional right. *Williams v. Lawton*, 288 Kan. 768, 778, 207 P.3d 1027 (Kan. 2009).  The filing of a timely notice of appeal is jurisdictional.  *Rowland v. Barb*, 40 Kan.App.2d 493, 193 P.3d 499 (Kan. App. 2008).  The Kansas appellate courts have jurisdiction to consider an appeal only if the appeal is taken in the manner prescribed by statute.  *State v. Legero*, 278 Kan. 109, 111 (Kan. 2004).

91999, both with his current address.  On January 30, 2014, he received an envelope from Clerk Green with the statement that she had received his motions but they could not be filed and were returned.  Defendants refused to file plaintiff's motions even though they had "caused any delay by not following Rule 7.03."  "Carol Green did not address why they waited" 14 days to mail out the denial Order.  Plaintiff "suffered actual injury" by being "denied to file a timely motion under Kansas Supreme Court Rule 7.03 and Rule 7.05."[6]

Plaintiff claims that defendants acted with deliberate indifference and/or reckless disregard to frustrate and impede his rights, "cast stumbling blocks in his path" to keep him from filing a Rule 7.05 motion, and delayed mailing the decision for

---

[6]     Plaintiff neither quotes nor adequately summarizes the language of any Kansas court rule or statute cited in his complaint.  "Rule 7.03. Decision of Appellate Court" provides in pertinent part:

> (a)  Decision. A decision of an appellate court will be announced
> by the filing of the opinion with the clerk of the appellate
> courts.  On the date of filing, the clerk of the appellate courts
> will send one copy of the decision to the counsel of record for
> each party or to the party if the party has appeared in the
> appellate court but has no counsel of record . . . .

"Rule 7.05 Rehearing or Modification in Court of Appeals" pertinently provides:

> (a) Motion for Rehearing or Modification. A motion for rehearing
> or modification in a case decided by the Court of Appeals may be
> served and filed not later than 14 days after the decision is
> filed. A copy of the court's opinion must be attached to the
> motion.

> (b) Effect of Motion.  A motion for rehearing or modification
> stays the issuance of the mandate pending determination of the
> issues raised by the motion.  A motion for rehearing or
> modification is not a prerequisite for review and does not extend
> the time for filing a petition for review by the Supreme Court.

the express purpose of destroying his right of access "with due process and/or equal protection." Plaintiff also claims that defendants "sabotaged" his "motions by the time delays" to "cover the errors of the State Courts."

Plaintiff asserts that defendants violated his federal constitutional rights "when they violated Kansas Supreme Court Rule 7.03." He further asserts that by "not timely mailing out that Order so he could timely file a motion for reconsideration" defendants "violated (his) 'access to the courts' and/or 'freedom of speech' under the lst Amendment, denied (his) 'due process of law' and/or 'equal protection of law' under the 14th Amendment," and acted in an arbitrary and capricious manner.

Plaintiff seeks relief in the form of a declaration that defendants violated his constitutional rights, as well as a "preliminary and permanent injunction ordering defendants . . . to follow Rule 7.03 and mail out the court's order" to the parties "the same day the order was filed." In addition, plaintiff seeks compensatory damages "in the amount of cost of this action against each defendant; nominal damages "in the maximum amount allowed by law," and punitive damages in the amount of $50,000.00 against each defendant.

**<u>SCREENING</u>**

Because Mr. Beauclair is a prisoner suing state officials, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Its "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## OTHER LEGAL STANDARDS

### *Immunity*

The Eleventh Amendment bars suit against a state official in his or her official capacity because the real party in interest in such a suit is the State. See *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 64, 71 (1989)("Neither a state, a state agency, nor an official of the State acting in his or her official capacity, is a 'person' for purposes of § 1983."). A court may, in its discretion, raise the issue of Eleventh Amendment immunity *sua sponte*. See *Nelson v. Geringer*, 295 F.3d 1082, 1098 n.16 (10th Cir. 2002)("[T]he [Supreme] Court has stated that judicial consideration of Eleventh Amendment issues *sua sponte* is discretionary.").

Court clerks and their agents are generally entitled to absolute quasi-judicial immunity. *Coleman v. Farnsworth*, 90 Fed.Appx. 313, 316-7 (10th Cir. 2004); see also *Mullis v. United States Bankr.Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987)(Bankruptcy court clerks who allegedly failed to give proper counseling and notice, filed an incomplete petition, and refused to accept an amended petition had absolute quasi-judicial immunity from damages for civil rights violations as these tasks are integral parts of the judicial process.); *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989)(deputy district court clerk protected by judicial immunity from damages for civil rights violations allegedly committed in connection with the filing of a complaint and other documents); *Eades v. Sterlinske*, 810 F.2d 723, 726 (7th Cir. 1987).  The Tenth Circuit described the immunity afforded a court clerk in *Coleman:*

> It is well established in this circuit that a judge is absolutely immune from civil liability for judicial acts, unless committed in clear absence of all jurisdiction, and the same immunity continues even if "flawed by the commission of grave procedural errors." *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000)(quotation marks and citation omitted). Moreover, judges are "absolutely immune regardless of their motive or good faith," *Smith v. Losee*, 485 F.2d 334, 342 (10th Cir. 1973)(citing *Doe v. McMillan*, 412 U.S. 306, 319, 93 S.Ct. 2018, 36 L.Ed.2d 912 (1973)), "even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 553, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).  We have extended the same immunity to judicial officers where performance of a judicial act is involved or their duties have an integral relationship with the judicial

> process. See *Whitesel*, 222 F.3d at 867; *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002), *cert. denied*, 538 U.S. 983, 123 S.Ct. 1797, 155 L.Ed.2d 675 (2003). Applying this standard, we have held a court clerk enjoys absolute quasi-judicial immunity when he or she performs a "judicial act," such as entry of a default judgment. See *Lundahl*, 296 F.3d at 939. . . . The doctrine of absolute immunity ensures judges and judicial officers perform their duties vigorously and without fear of time-consuming, costly, "vindictive or ill-founded damage suits brought on account of action taken in the exercise of their official responsibilities." See *Smith v. Losee*, 485 F.2d at 341 (quotation marks and citation omitted).

*Coleman*, 90 Fed.Appx. at 316-17; *Dahl v. Charles F. Dahl, M.D., P.C. Defined Ben. Pension Trust*, 744 F.3d 623, 630 (10th Cir. 2014)(citing see *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985)). "[T]here is no immunity for acts taken in the "clear absence of all jurisdiction." *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)). Otherwise, "absolute immunity 'applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function.'" *Mitchell v. McBryde*, 944 F.2d 22-9, 230 (5th Cir. 1990); *Jackson v. Houck*, 181 Fed.Appx. 372 (4th Cir. 2006); *Dellenbach v. Letsinger*, 889 F.2d 755, 763 (7th Cir. 1989)("The danger that disappointed litigants, blocked by . . . absolute immunity from suing the judge directly, will vent their wrath on clerks . . . (is) a reason for extending judicial absolute immunity to such an adjunct"); *Argentieri v. Clerk of Court for Judge Kmiotek*, 420 F.Supp.2d 162 (W.D.N.Y. 2006)(clerks were assisting judges in

performing essential judicial functions when they refused to acknowledge plaintiff's motions or schedule his court proceedings).

### Access to the Courts

It is well-established that an inmate has a constitutional right of access to the courts. However, it is equally well-settled that in order "to present a viable claim for denial of access, the inmate must allege and prove prejudice arising from Defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998)(citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996). An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Id.* at 351-53. Furthermore, the Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. Rather, the requisite injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355; see also *Carper v. Deland*, 54 F.3d 613, 617 (10th Cir. 1995).

### DISCUSSION

Plaintiff brings this action pursuant to § 1983. However, he asserts jurisdiction under several provisions besides 28 U.S.C. § 1343(3). His bald citations to 28 U.S.C. §§ 2283, 2284, "Fed.R. of Civ.Pro. 60", and Kan.S.Ct. R. 7.03, 7.05 are not explained. Jurisdiction of this court is not conferred by Rule 60, the cited sections in Chapter 28, or any Kansas Supreme Court Rule. Plaintiff also baldly asserts that this court has "Supplemental Jurisdiction." Unless the complaint evinces a federal constitutional violation, this court need not exercise supplemental jurisdiction over state law claims. State law violations generally fail to present a claim under § 1983.

Having considered all the materials filed by Mr. Beauclair, the court finds that this action is subject to dismissal for reasons that follow.

### *Defendants are Entitled to Immunity*

Plaintiff claims that he sues defendants in both their official and personal capacities. The Clerk and Deputy Clerk of the Kansas Appellate Courts are state officials. As such, neither is a person who can be sued under § 1983 in his or her official capacity.

Furthermore, both defendants are absolutely immune to plaintiff's claims for damages under the doctrine of quasi-judicial immunity. In this District, it has been expressly held that:

> the discretionary act of determining whether a submitted motion meets the filing requirements is a duty that is an integral part of the judicial process and constitutes performance of a judicial act as an aid of the judge.

*Wilkins v. Skiles*, 2005 WL 627962 (D.Kan. Mar. 4, 2005). Plaintiff's allegations plainly indicate that defendants' acts in this case were "within the core duties" of a clerk "in assisting the court—that is, in performing a 'function [] closely associated with the judicial process." See *Coleman*, 90 Fed.Appx. at 317 (citing *Cleavinger,* 474 U.S. at 200.). A court clerk's duties with respect to the filing of notices of appeal and motions for rehearing undoubtedly "involve a judicial act, or one having an integral relationship with the judicial process, and must be afforded the defense of immunity." See *id*. In determining whether post-decision motions submitted by plaintiff met the filing requirements of state law, the defendant court clerks were performing acts having an integral relationship with the judicial process. The clerk of court has discretion to determine if filing prerequisites have been satisfied and must have unfettered discretion to review a motion or other pleadings to make that determination. In such a case, the defense of judicial immunity generally applies, regardless of procedural error, motive or good faith. *Dahl*, 744 F.3d at 631 (citing see *Whitesel*, 222 F.3d at 867; *Losee*, 485 F.2d at 342; *Lundahl*, 296 F.3d at 939)). "To hold otherwise would have

a chilling effect on the judicial duties and actions of the clerk.  *Id.* (citing see *Losee*, 485 F.2d at 340-41); see also *Erickson*, 884 F.2d at 1111 (clerk's duties in filing documents was an integral part of the judicial process, so the clerk's delayed filing of the complaint and lies about its whereabouts were protected by judicial immunity).

Plaintiff claims that defendants acted without authority and in violation of state rules and laws, but does not show that they acted outside their jurisdiction.  "[A]n act is not outside of a (clerk's) jurisdiction just because it is wrongful, even unlawful."  *Dahl*, 744 F.3d at 630-31.  The Tenth Circuit in *Dahl* reasoned:

> As the Supreme Court said in *Stump*, "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."   435 U.S. at 356-57, 98 S.Ct. 1099 (internal quotation marks omitted).  Immunity does not protect only the innocent.  Why grant immunity to those who have no need of it?  See *Snell v. Tunnell*, 920 F.2d 673, 687 (10th Cir. 1990)("Absolute immunity has its costs because those with valid claims against dishonest or malicious government officials are denied relief.").  Immunity is conferred so that judicial officers can exercise their judgment (which on occasion may not be very good) without fear of being sued in tort.

*Id.* at 631.  The Tenth Circuit has specifically held that a state prisoner's § 1983 claim based on a court clerk's alleged breach of duty in failing to file court documents was properly

dismissed during screening pursuant to 28 U.S.C. § 1915A because the clerk was entitled to immunity.  See *Guiden v. Morrow*, 92 Fed.Appx. 663 (10th Cir. 2004).  In sum, defendants are entitled to immunity from plaintiff's claims for damages, and these claims subject to dismissal pursuant to 28 U.S.C. § 1915A.

### *Failure to State Facts to Support a Federal Constitutional Claim*

Even if plaintiff somehow shows that defendants are not entitled to the defense of quasi-judicial immunity, the facts alleged in the complaint fail to state a plausible federal constitutional claim.  He asserts that defendants violated his right to freedom of speech under the First Amendment, denied him due process and/or equal protection of law under the 14th Amendment, and acted in an arbitrary and capricious manner. Plaintiff alleges no facts whatsoever to support his claims of denial of free speech or equal protection.  His claim of denial of due process is also too conclusory in that he does not explain what process was constitutionally-mandated and how defendants deprived him of elements of the requisite process. Furthermore, plaintiff's factual allegations, when culled away from his conclusory statements, do not establish that either defendant acted in an arbitrary or capricious manner. Plaintiff's claims against defendants are based mainly upon his allegations that they violated court rules and state statutes.

However, as noted, he has neither provided the content of the rules and statutes he cites nor alleged facts showing that defendants violated the cited provisions.

Plaintiff's statements that defendants "deliberately delayed" mailing the decision until his time to file a motion for rehearing had expired and did so in order to "stop him" and destroy his right of access, may be disregarded as supported by no facts whatsoever. Here, as in *Dahl*, these complaints amount to no more than bald challenges to defendants' motives and criticism of their decisions. Furthermore, plaintiff's allegation that defendants waited to mail a copy of the decision is directly contradicted by the state court record. The docket in plaintiff's criminal case reflects that the denial Order was mailed to plaintiff prior to December 26. The final entry on the docket in Case No. 91999 is dated two weeks after plaintiff's motion to recall was denied and provides: "CERT/REG MAIL RETURNED BY POST OFFICE/Reg Mail Returned-Not at Address" and "Resent Reg Mail 12/26-Beauclair." In the face of this record refuting plaintiff's unsupported allegation that defendants delayed mailing the decision, the court falls back upon the presumption that defendant state officials performed their lawful duties including that they followed Supreme Court Rule 7.03 and mailed a copy of the decision to plaintiff the day it was filed. The record also suggests other reasons for the

delay in plaintiff's receipt of the KCA decision.  *Coleman*, 90
Fed.Appx. at 318.   The mail return and resend recorded on the
docket establishes that the initial delay of 14 days resulted
from the decision having first been mailed to an address where
plaintiff was not located.   This together with plaintiff's
volunteer statement that his "current address" was on his post-
decision motions suggest that Mr. Beauclair failed to notify the
KCA of an address change prior to the date the decision was
filed.   In any event, by his own admission, Mr. Beauclair sent
no Petition for Review or motion to the KCA until after the
jurisdictional time limit had expired.

     Plaintiff complains of defendants' alleged failure to
file his two "Motion(s) for Rehearing" and "Motion to File out
of Time due to Manifest Injustice," but does not describe the
filing prerequisites for such motions and show that he complied.
He does not even provide a copy or adequate summary of his
Motion to Recall Mandate, the decision denying his Motion to
Recall Mandate, the motions he submitted after the decision, or
any communication between himself and the court clerks regarding
these filings.

     In any event, even if plaintiff had adequately alleged that
defendants violated a particular Kansas Supreme Court Rule or
state statute, a violation of state law is simply not grounds
for relief under 42 U.S.C. § 1983.

*Claim of Denial of Access*

Plaintiff's constitutional claim of denial of court access is subject to dismissal for the reasons stated above and the additional reason that he utterly fails to establish the essential element of actual-injury to a non-frivolous legal claim.  Plaintiff alleges that because of the clerk's refusal to file his petition for review and motions, his arguments were never presented to the KCA.  However, his own Declaration demonstrates that his arguments or claims in his Motion to Recall Mandate and his unfiled pleadings were ones that already had or could have been presented to the KCA and the KSC either by way of direct or collateral appeal or both.  See Declaration (Doc. 6) at 10-11.  The procedural history of Beauclair's state criminal case shows that he had previously exhausted all available state court remedies on his challenges to his state conviction and sentence, and eventually submitted claims that were dismissed in state court as successive.  Thus, plaintiff fails to show actual injury.

Furthermore, plaintiff's Motion to Recall Mandate simply cannot be characterized as a non-frivolous legal claim. Consequently, the same is true of his attempts to obtain rehearing or higher review of the denial of this motion. Plaintiff does not show that his Motion to Recall Mandate was the proper procedure for him to either reargue his already-

rejected habeas corpus claims or raise new ones.   Moreover, challenges to Mr. Beauclair's state conviction or sentence, even if properly presented, would surely be denied as either successive or time-barred.   As the United States Supreme Court has plainly stated, "depriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions."   *Lewis v. Casey*, 518 U.S. 349, 353 n.3 (1996).

### *Claims for Relief*

The facts alleged by plaintiff do not support the prospective injunctive relief he seeks.   His unsuccessful attempts to file frivolous pleadings in his criminal case are not shown to warrant a broad prospective preliminary and permanent injunction ordering defendants to follow Rule 7.03 in the future and mail out court decisions the day of filing.   As discussed earlier, he has not even shown that defendants failed in his case to follow Rule 7.03.

Plaintiff seeks "compensatory damages in the amount of the cost of the action against each defendant."   To the extent this is a claim for compensatory damages, it is barred by 42 U.S.C. § 1997e(e)[7] for the reason that plaintiff has alleged no physical

---

[7]   42 U.S.C. § 1997e(e) in pertinent part provides:

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or

injury.  Plaintiff's request for "nominal damages in the maximum amount" suggests his misunderstanding of nominal damages, which are generally in the amount of $1.00.  See e.g., *Corpus v. Bennett*, 430 F.3d 912, 916 (8th Cir. 2005)("One dollar is recognized as an appropriate value for nominal damages.").  In any event plaintiff's allegations do not evince the violation of a federal constitutional right and thus state no basis for nominal damages.  Plaintiff seeks punitive damages in the amount of $50,000.00 against each defendant.  However, he presents no plausible basis for a claim of punitive damages in any amount because he alleges no facts whatsoever establishing that either defendant acted with a sufficiently culpable state of mind.


**FILING FEE**

The fees for filing a civil rights complaint in federal court total $400.00.  Plaintiff initially submitted an Application for Leave to Proceed without Prepayment of Fees (Doc. 2).  Upon consideration of that motion, the court found from federal court records that plaintiff had "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).  As a result, the court held

---

emotional injury suffered while in custody without a prior showing of physical injury.

that Mr. Beauclair was not allowed to bring this action without prepayment of the full filing fee of $400.00 because he had not shown in his motion that he "is under imminent danger of serious physical injury." *Id.*   Instead of paying the filing fee in full, plaintiff submitted a partial payment from the institution in the amount of $296.00.  (See Doc. 5 & docket entry dated Mar. 7, 2014 showing a receipt for partial payment in the amount of $296.00.)  Plaintiff stated in a letter that "Rosella Reece will mail your office a check for the amount of $104.00."  (Doc. 5). However, plaintiff had not been granted leave to make partial payments, and the $104 payment from a person outside the prison was received and returned prior to receipt of plaintiff's letter.  Mr. Beauclair is not relieved of his obligation to pay the remainder of the filing fee for this action.  The court assesses the remainder of the $350.00 filing fee which is $54.00, and requires that Mr. Beauclair pay this remainder in full through payments automatically deducted from his institutional account pursuant to 28 U.S.C. § 1915(b)(2).


**MOTION FOR SERVICE**

The court has considered and denies plaintiff's Motion for Service of Summons.  Summons shall not issue in this case unless and until the complaint survives screening.  Once the screening

process is successfully completed, the court ordinarily orders service *sua sponte*.

## ORDERS TO PLAINTIFF

Mr. Beauclair is ordered to show cause why his complaint should not be dismissed for the reasons stated herein. He is warned that his failure to file a timely, adequate response may result in this action being dismissed without further notice.

Mr. Beauclair is reminded that this is not a final judgment, and no motion for relief from judgment would be appropriate.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 2) is hereby reconsidered and granted. Plaintiff is hereby assessed the remainder of the $350.00 filing fee which is $54.00, to be paid through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). The Finance Office of the Facility where plaintiff is currently incarcerated is directed by copy of this Order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until plaintiff's outstanding filing fee obligation has been paid in full. Plaintiff is directed to cooperate fully with his

custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to show cause why this action should not be dismissed for the reasons stated herein including failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Service of Summons (Doc. 7) is denied, without prejudice.

The clerk is directed to send a copy of this Order to plaintiff, to the finance officer at the institution in which plaintiff is currently confined, and to the court's finance office.

**IT IS SO ORDERED.**

Dated this 16th day of January of 2015, at Topeka, Kansas.

**s/Sam A. Crow**
**U.S. Senior District Judge**